Filing # 30966120 E-Filed 08/17/2015 05:21:11 PM
Case 1:15-cv-23568-MGC Document 1-2 Entered on FLSD Docket 09/23/2015 Page 1 of 16

Exhibit A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO:_____

ERNESTO RIVAS,
and other similarly situated individuals,

    Plaintiff (s),

vs.

LATIN CAFETERIA RESTAURANTE, LLC,
NICE RIVIERA MIAMI, LLC, and
OLIVIER GEBHART, Individually.

    Defendant (s).
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, Plaintiff, ERNESTO RIVAS ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, LATIN CAFETERIA RESTAURANTE, LLC, NICE RIVIERA MIAMI, LLC, and OLIVIER GEBHART, Individually ("Defendant") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees or costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), Article X, Section 24 of the Florida Constitution, to recover unpaid overtime and

minimum wage compensation, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, LATIN CAFETERIA RESTAURANTE, LLC, having his main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, NICE RIVIERA MIAMI, LLC, having his main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

6. Defendant, OLIVIER GEBHART, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, NICE RIVIERA MIAMI, LLC.

7. Venue is proper in Miami Dade because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff was employed with Defendant as a non-exempt employee from approximately February, 2014 through October 29, 2014.

11. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

12. During the time period from February, 2014 through October 29, 2014, Defendant failed to compensate Plaintiff at the required minimum wage and at rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week. Plaintiff should be compensated at the correct minimum wage and the rate of one and a half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.

13. When Plaintiff complained about the Defendants' refusal to pay overtime compensation, he was terminated in a retaliatory manner. Plaintiff was terminated because he complained about his due and owing overtime wages, and not for any other reason.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against*
### *LATIN CAFETERIA RESTAURANTE, LLC*

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

15. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions

of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

17. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

18. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

19. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

20. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

21. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

23. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against NICE RIVIERA MIAMI, LLC*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

25. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

27. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

28. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

29. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

30. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

31. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

32. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

33. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

H. Award Plaintiff an equal amount in double damages/liquidated damages; and

I. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Wage & Hour Federal Statutory Violation Against OLIVIER GEBHART

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 33 of this complaint as if set out in full herein.

35. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid overtime and/or minimum wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. At the times mentioned, Defendant OLIVIER GEBHART, had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of his employment (hire/fire), scheduled hours and/or rate of pay.

37. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

38. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

39. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

40. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

41. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

42. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

43. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

44. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

45. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

46. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

K. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

L. Award Plaintiff actual damages in the amount shown to be due for unpaid

minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

M. Award Plaintiff an equal amount in double damages/liquidated damages; and

N. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

O. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### Retaliation Under F.S. § 440.205 Violation against LATIN CAFETERIA RESTAURANTE, LLC and NICE RIVIERA MIAMI, LLC

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 46 of this complaint as if set out in full herein.

48. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

49. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

50. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

51. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

52. Plaintiff has been unable to find gainful employment since Plaintiff's discharge.

53. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated   8-17-15                                 Respectfully submitted,

_____
Jason S. Remer, Esq.
Florida Bar No.: 0165580
jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO:_____

ERNESTO RIVAS,
and other similarly situated individuals,

    Plaintiff (s),

vs.

LATIN CAFETERIA RESTAURANTE, LLC,
NICE RIVIERA MIAMI, LLC, and
OLIVIER GEBHART, Individually.

    Defendant (s).
_____/

## SUMMONS IN A CIVIL CASE

**TO:** LATIN CAFETERIA RESTAURANTE, LLC, through its Registered Agent:

SERGIO STRATTA
9913 NW 32 STREET
MIAMI, FL 33172

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____   _____
CLERK                                DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO:_____

ERNESTO RIVAS,
and other similarly situated individuals,

    Plaintiff (s),

vs.

LATIN CAFETERIA RESTAURANTE, LLC,
NICE RIVIERA MIAMI, LLC, and
OLIVIER GEBHART, Individually.

    Defendant (s).
_____/

## SUMMONS IN A CIVIL CASE

**TO:** NICE RIVIERA MIAMI, LLC, through its Registered Agent:

PAUL PALMER, Esq.
12790 So DIXIE HIGHWAY
MIAMI, FL 33156

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____   _____
CLERK                                DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA.

CASE NO:_____

ERNESTO RIVAS,
and other similarly situated individuals,

    Plaintiff,

vs.

LATIN CAFETERIA RESTAURANTE, LLC,
d.b.a. ARIES SUPERMARKET 2 and
OLIVIER GEBHART, Individually.

    Defendant (s).

_____/

## SUMMONS IN A CIVIL CASE

**TO:** OLIVIER GEBHART

909 RODERIGO AVENUE
CORAL GABLES, FL 33134

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                                            DATE

_____
(BY) DEPUTY CLERK

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, ernesto j rivas _____, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, latin cafe restaurant _____, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: *ernesto j rivas*
ernesto j rivas (Oct 30, 2014)

Date: Oct 30, 2014

Print Name: ernesto j rivas